476 A.2d 1167

**Vivian BROWN**

v.

**Robert W. RABBITT.**

**No. 5, Sept. Term, 1984.**

Court of Appeals of Maryland.

June 29, 1984.

James W. Taglieri, Washington, D.C., for appellant. Albert D. Brault, Rockville, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

COUCH, Judge.

For the third time in little over a year we are called upon to determine whether a claim against a health care provider is covered by the Health Care Malpractice Claims Act [1] (the Act). During this space of time we decided *Cannon v. McKen*, 296 Md. 27, 459 A.2d 196 (1983), and *Nichols v. Wilson*, 296 Md. 154, 460 A.2d 57 (1983). We issued the writ of certiorari here, on our own motion, to the Court of Special Appeals, in order to make clear what has been viewed as unclear by our decisions in *Cannon* and *Nichols*.

The facts giving rise to this controversy are set forth in the declaration filed in this case. The appellant, Vivian Brown, sued Robert W. Rabbitt, a medical doctor, in the Circuit Court for Prince George's County. Her declaration contained two counts, the first being titled "Breach of Express Warranties," and the second as "Breach of Implied Warranties." Count II incorporated by reference all allegations contained in Count I and adopted them. The allegations make clear that the appellant was a paying patient of Dr. Rabbitt, and was admitted to a hospital on his instructions for the purpose of undergoing a tubal ligation. It was alleged in Count I that appellee expressly warranted that the procedure was safe and would not result in unusually heavy and irregular menstrual cycles nor would it result in damage to the uterus. Moreover, it was alleged that the representations and express warranties were made as an inducement for said surgery and appellant relied thereon. It was further alleged that surgery was performed by appellee and the procedure failed because appellant has sustained heavy and irregular menstrual cycles causing extensive medical treatment, surgery, and hormonal therapy, all to her damage. Count II alleged that Dr. Rabbitt impliedly warranted to appellant that he would provide medical, surgical, hospital, nursing, and post-operative care and treatment to appellant in accordance with reasonable

---

1. Maryland Code (1974, 1984 Repl.Vol.), Courts & Judicial Proceedings Article, §§ 3–2A–01–09.

standards for such treatment in Maryland. It was also alleged that appellant relied on these warranties and upon the knowledge, judgment, and reputation of the appellee. Finally appellant alleged that appellee breached and violated the warranties in that the medical, surgical, hospital, nursing, and post-operative care and treatment given her were not in accordance with reasonable standards "as aforesaid." The same injuries and damages as contained in Count I were realleged in Count II.

■ Dr. Rabbitt filed a motion raising preliminary objection to the declaration based on the ground that the claim was arbitrable and, as this condition had not been met, the trial court had no subject matter jurisdiction.[2] In due time this motion was granted and judgment in favor of appellee entered, precipitating this appeal.

In essence, the appellant contends that her action is one sounding in contract and, as such, is not subject to the mandatory arbitration provisions of the Act. Appellant relies on our decisions in *Cannon* and *Nichols* where we held that only those claims which arise or result from the "breach of a professional's duty to exercise the appropriate care required of a health care provider in a professional capacity" are covered under the Act. *Cannon*, 296 Md. at 37, 459 A.2d at 202; *see also Nichols*, 296 Md. at 161, 460 A.2d at 61. We believe appellant reads into our opinions in

---

**2.** Section 3–2A–02(a) provides as follows:

"(a) *Claims and actions to which subtitle applicable.*—All claims, suits, and actions, including cross claims, third-party claims, and actions under Title 3 Subtitle 9 of this article, by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than $5,000 are sought are subject to and shall be governed by the provisions of this subtitle. An action or suit of that type may not be brought or pursued in any court of this State except in accordance with this subtitle. An action in which damages of $5,000 or less are sought is not subject to the provisions of this subtitle."

As we have previously stated, the Act does not divest the circuit court of subject matter jurisdiction; it merely creates a condition precedent to the institution of a court action. *Oxtoby v. McGowan,* 294 Md. 83, 91, 447 A.2d 860, 864–65 (1982).

these cases that which we had not said nor intended to say. The appellant would read *Cannon* and *Nichols* as holding that in no event would claims for breach of contract against a health care provider be covered under the Act, even though the breach arose from a failure to render appropriate health care with the application of a reasonable standard of care. Nothing in our opinion in either case suggests such a conclusion—expressly or implicitly.

In *Cannon,* the declaration was in three counts; negligence, strict liability in tort, and breach of warranty. There was no issue raised, as here, that the Act did not cover breach of contract claims, and thus we had no occasion to discuss such an argument. We did, however, reserve such contention. In footnote 4, we observed:

"We hasten to add that claims of strict liability and breach of warranty may not always be arbitrable; however, if such claims are related to and incorporate a negligence claim, as here, which may be arbitrable, then all counts will be arbitrable."

*Cannon,* 296 Md. at 38, 459 A.2d at 202.

In *Nichols,* the claim was based on allegations sounding in assault and battery, negligence, and intentional infliction of emotional distress. Again, there was no contract issue present and, of course, we had no need to discuss the question posed here.

■ In both *Cannon* and *Nichols* we stated that it was clear to us that the legislature intended to include in the scope of the Act only those claims for damages done to or suffered by a person originating from the giving of or failure to give health care. Thus the critical question is whether the claim is based on the rendering or failure to render health care and not on the label placed on the claim, that is, tort or contract. *See Benson v. Mays,* 245 Md. 632, 227 A.2d 220 (1967). If health care is or should be rendered and damage results therefrom, then it is a claim under the Act and must first be arbitrated.

■ In our view the claim here stems from the rendering of or the failure to render health care and is thus covered under the Act.[3] This is clearly a claim involving the appellee's professional expertise and thus is subject to mandatory arbitration, notwithstanding the fact that the action is brought for breach of warranty. Only a physician in his professional capacity could make a representation such as was alleged here. The representations were directly related to medical treatment and the degree of success of such treatment. They arose from a doctor/patient relationship and as such appellant's claim is covered by the Act. *Cannon*, 296 Md. at 35, 459 A.2d at 201.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

------

**3.** Section 3–2A–01(f) defines a medical injury as an "injury arising or resulting from the rendering or failure to render health care."