535 A.2d 961

**Morton ROSENBERG et al.**

v.

**The INSTITUTE OF THE PENNSYLVANIA HOSPITAL.**

**No. 558 Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 14, 1988.

Debra S. Bergmeister (Joel I. Hoffman and Hoffman, Apfel & Lyons, P.C., on the brief), Rockville, for appellants.

Kathleen Chancler (Post & Schnell, P.C., Philadelphia, Pa., David W. Cohen and Melvin C. Paul, P.A., Baltimore, on the brief), for appellee.

Argued before GILBERT, C.J., and BLOOM and POLLITT, JJ.

GILBERT, Chief Judge.

The Rosenbergs—Morton, Aileen, and Adam, father, mother and son—have reached this Court as a result of the dismissal by the Circuit Court for Montgomery County of their counterclaim against the Institute of the Pennsylvania Hospital (Institute). The appellants ask that we reverse the circuit court. To do so would require us to declare that the particular facts of this case are not within the spread of the statutory protective umbrella raised over medical malpractice actions.[1]

## The Facts

The litigation began on February 10, 1984, when the Institute filed an action in the District Court of Maryland for Montgomery County against the Rosenbergs in order to recover a balance of $1141.27 allegedly due for medical services rendered to Adam, who was a patient in the Institute from February 13, 1981, to February 24, 1982.

The Rosenbergs filed a counterclaim for damages for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of contract, arising from the Institute's failure to supervise Adam properly while he was an inpatient at the Institute. Following the Rosenbergs' request for a jury trial, the case was transferred to the Circuit Court for Montgomery County.

When the Institute was apparently untimely in its reply to the Rosenbergs' discovery demand, the latter moved for

---

1. Md.Cts. & Jud.Proc.Code Ann. §§ 3–2A–01 through 3–2A–09.

dismissal of the former's complaint. That motion was granted by the court, which then, *sua sponte,* dismissed the Rosenbergs' countersuit against the Institute. The basis of the dismissal was that the Rosenbergs had failed to comply with the Maryland Health Care Malpractice Act.

## The Law

The Health Care Malpractice Act provides, in pertinent part:

"(a) ... (1) *All claims, suits, and actions,* including cross claims, third-party claims, and actions under Subtitle 9 of this title, *by a person against a health care provider for medical injury* allegedly suffered by the person in which damages of more than the limit of the concurrent jurisdiction of the District Court are sought are subject to and shall be governed by the provisions of this subtitle.

(2) An action or suit of that type may not be brought or pursued in any courts of this State except in accordance with this subtitle.

(3) Except for the procedures stated in § 3–2A–06(f) of this subtitle, an action within the concurrent jurisdiction of the District Court is not subject to the provisions of this subtitle."

Md.Cts. & Jud.Proc.Code Ann. § 3–2A–02 (emphasis supplied).

The Act mandates that, except in those instances where the dollar amount of the claim is within the concurrent jurisdiction of the District Court or the claim is without the ambit of the Act, the filing of an arbitration proceeding is a prerequisite to an action in the circuit court. Courts Article § 3–2A–02(a); *Brown v. Rabbitt,* 300 Md. 171, 476 A.2d 1167 (1984).

Clearly, the Act is directed at suits filed against "health care providers." That term is defined in § 3–2A–01(e) of the Health Care Malpractice Act to mean:

"*a hospital,* a related institution as defined in § 19–301 of the Health-General Article, a physician, an osteopath, an

optometrist, a chiropractor, a registered or licensed practical nurse, a dentist, a podiatrist, and a physical therapist, *licensed or authorized to provide one or more health care services in Maryland.*" (Emphasis supplied).

· Under Maryland law the proper authority to license health care providers is the Secretary of the Department of Health and Mental Hygiene. Section 19–318(a) of the Health–General Article, Md.Ann.Code, provides:

"... A person shall be licensed by the Secretary before the person may operate a hospital or related institution in this State."

Notwithstanding that the Rosenbergs concede that "for the purposes of this brief, ... the Institute is a health care provider within the meaning of the Act," it is not. The Institute is not a licensed health care provider in Maryland, and, therefore, the provisions of the Health Care Malpractice Act have no application to it. Since the provisions of the Act do not apply to the Institute, the circuit court erred in dismissing the Rosenbergs' counter-complaint on the ground that they had not complied with the Health Care Malpractice Act.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.